# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

AMIR JAVED,

    Petitioner,

vs.                                   Case No. 4:11cv367-WS/WCS

ERIC H. HOLDER, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

    Petitioner, proceeding *pro se*, initiated this case on August 1, 2011, by filing a § 2241 petition for writ of habeas corpus. Doc. 1. Petitioner alleged that he is a native and citizen of Pakistan, who obtained legal permanent residence status in the United States, and was ordered removed from the United States on January 13, 2011. Doc. 1. Petitioner claimed that Respondents had no "credible proof that there is any possibility that Pakistan" will issue travel documents for him. Petitioner does not challenge the removal order, he only seeks release from custody pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

    Respondents filed an answer to the petition asserting that Petitioner was lawfully detained and that his removal to Pakistan was "reasonably foreseeable." Doc. 13.

Respondents generally asserted that Plaintiff has a lengthy criminal history, and after resolution of an outstanding bail jumping charge in Suffolk County, New York, Plaintiff was taken into the custody of ICE on July 8, 2009.  Doc. 13, p. 2.  Plaintiff was ordered removed on August 5, 2010, and Plaintiff's removal order became final when the Board of Immigration Appeals dismissed his appeal on January 13, 2011.  *Id.*, at 3.  Respondents states that a travel document request was presented to the Embassy of Pakistan on January 18, 2011.  Ex. A, doc. 10.  On March 30, 2011, Mr. Akram of the Consular Section of the Pakistan Embassy interviewed Petitioner and informed ICE that Petitioner appeared "to have everything needed for a travel document issuance."  *Id.*  Since March, 2011, ICE has been in monthly contact with the Embassy of Pakistan concerning the travel document for Petitioner.  Embassy officials indicate they are awaiting clearance from Pakistan.  *Id.*

   In response, Petitioner asserts that his father last spoke with Mr. Akram on October 27, 2011, and he did not "give any sign" that travel documents could be provided in the future.  Doc. 17, p. 3.  Petitioner contends there is no reasonable to believe the "Pakistani government [will] issue any travel documents in [the] future."  *Id.*  Petitioner argues that if Mr. Akram said in March, 2011, that it appeared everything needed for travel documents was ready, then ICE "should have travel documents" by now.  *Id.*  Petitioner further states that he personally spoke with Mr. Akram on October 25, 2011, and Mr. Akram said, "I don't have travel documents for you right now and I can't give any guarantee or any promise if I can provide you and travel documents in [the] future."  *Id.*  Petitioner also said that at an unspecified time while Petitioner was in a New Jersey correctional facility, he was visited by a Pakistani consulate who "clearly

informed to petitioner they are not gone [sic] issue any travel documents." *Id.* Petitioner contends that Respondents have made "an uncorroborated and unsupported claim that Pakistan will issue any travel documents in future." *Id.*, at 3. Petitioner asserts that since he has been detained for nearly a year after the final order of removal, because he has cooperated with removal efforts, and because there are no special circumstances which exist to justify his continued detention, this § 2241 petition should be granted.

    Respondents were granted leave to file a reply. Docs. 19, 20. Respondents indicated that Petitioner misstated a key fact, necessitating the reply. Doc. 19. Respondents point out that in his response, Petitioner claimed that the Pakistani consulate told him "they are not gone [sic] issue any travel documents" to him. However, *Respondents have demonstrated that could not be true because on November 1, 2011, the Pakistani Consulate issued travel documents for Petitioner*. Doc. 19, ex. A. Having received the travel document on November 10, 2011, Respondents anticipate that Petitioner will be removed sometime in December, 2011. Doc. 19-1, p. 3.

**Analysis**

    Because Petitioner is not challenging a final order of removal, but only seeking release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), this Court has jurisdiction over this § 2241 habeas petition. In Zadvydas, the United States Supreme Court considered a challenge to 8 U.S.C. § 1231(a)(6) and was asked to decide whether the statute authorized indefinite detention

of a removable alien.[1]  The Court held that the continued detention of legal permanent aliens beyond the mandated 90-day removal period was permissible under the Constitution, but only for as long as was "reasonably necessary to bring about that alien's removal from the United States."  *Id.*, at 689, 121 S. Ct. at 2498.  The Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.,* at 699, 121 S.Ct. at 2503.  For sake of uniformity, the Court announced "the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' "  Clark v. Martinez, 543 U.S. 371, 125 S.Ct. 716, 722, 160 L.Ed.2d 734 (2005) (extending the interpretation of 8 U.S.C. § 1231(a)(6) to inadmissible aliens,[2] concluding there was no reason why the removal period would be longer for an inadmissible alien than an admissible one), *quoting* Zadvydas, 533 U.S. at 701, 121 S.Ct. at 2505.  Thus, the 6-month presumptive detention period prescribed in Zadvydas is applicable regardless of an alien's status.  *Id.*  Therefore, under Clark and Zadvydas, when an alien shows that he has been held more than six months beyond the removal period and his removal is not reasonably

---

[1] Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States.  8 U.S.C. § 1231(a)(1)(A).

[2] The relevant statute provides: "An alien ordered removed who is inadmissible under section 1182 of this title, removable [for violations of nonimmigrant status or entry conditions, violations of criminal laws, or threatening national security] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."  8 U.S.C. § 1231(a)(6), *quoted in* Benitez v. Wallis, 402 F.3d 1133, 1134 (11th Cir. 2005).

foreseeable, a § 2241 petition should be granted. <u>Clark</u>, 543 U.S. at 386-387, 125 S.Ct. at 727; <u>Benitez v. Wallis</u>, 402 F.3d 1133, 1135 (11th Cir. 2005) (relying on Clark to hold that "an inadmissible alien can no longer be detained beyond the statutory 90-day removal period of § 1231(a)(1), where there was no significant likelihood of removal in the reasonable foreseeable future.").

It appears in this case that despite Petitioner's assertion that his removal was not likely, his removal should occur very soon. A travel document has been issued and received by ICE in November, 2011. Respondents have demonstrated that Petitioner should be removed in December, 2011. Indeed, it may be the case that Petitioner has already been removed. On this record, it appears the petition should be denied.

**Conclusion**

The Government has demonstrated that there is a significant likelihood of Petitioner's removal as Pakistan has already issued a travel document, and Petitioner is to be scheduled for removal in December, 2011. Because Petitioner has failed to show his removal is not likely in the immediate future, this § 2241 petition should be denied.

Accordingly, it is **RECOMMENDED** that the petition for a writ of habeas corpus, doc. 1, filed by Amir Javed pursuant to 28 U.S.C. § 2241, be **DENIED.**

**IN CHAMBERS** at Tallahassee, Florida, on December 28, 2011.

> s/ William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.